IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKY D. MORGAN

        **Petitioner,**

v.                                 **CIVIL ACTION NO. 2:05CV9**
                                          **(Judge Robert E. Maxwell)**

**WILLIAM S. HAINES, Warden,**
**Huttonsville Correctional Center,**

        **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

**I. Introduction**

On February 9, 2005, Ricky D. Morgan [hereinafter referred to as "petitioner"], a state prisoner, filed a *pro se* petition under the provisions of 28 U.S.C. §2254 complaining of numerous irregularities allegedly committed by the parole board in reaching its decision denying his application for parole. There is presently pending before the Court respondent's answer and motion to dismiss for failure to exhaust state remedies. Following the issuance of a Roseboro Notice, the petitioner filed a Traverse to respondent's answer, and the respondent, in turn, filed a reply brief.

This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

**II. Factual Background**

On October 6, 1988, the petitioner entered a guilty plea in the Circuit Court of McDowell County, West Virginia, to murder in the first degree and was sentenced to life with mercy. He did not appeal from his judgment of conviction, nor did he attempt to collaterally attack his conviction. He became eligible for parole in March of 1998 and was denied the same. The petitioner was again denied parole in March 2001 and March 2004. His next parole date is March 2007.

**III. Petitioner's Federal Habeas Corpus Claims**

In his petition for habeas corpus relief, the petitioner raises two grounds for relief. First, he alleges that the West Virginia Parole Board violated the ex post facto law when it increased the time frame between parole considerations from one to three years.[1] Second, he alleges the West Virginia Parole Board is violating the equal protection law by denying him parole while granting parole to others.

**IV. Respondent's Motion to Dismiss**

Pursuant to Rule 12(b)(1) and 12(b)(6), the respondent has moved this Court to dismiss the petitioner's cause of action. In support of his motion, the respondent raises the following:

1. The petitioner has not exhausted state remedies and, as such, the Court must decline jurisdiction.

---

[1] In 1997, West Virginia Code §62-12-13(e) was amended to permit the parole board to review and reconsider parole eligibility of persons serving life sentences "any time within three years following the denial of parol," rather than annually, as had previously been required. While this claim is cognizable under §1983 and exhaustion would not be required, it is also clear, in light of governing precedent, that the claim is without merit. In light of the manner in which the parole statute has been interpreted by the Supreme Court of Appeals of West Virginia, State ex rel. Carper v. West Virginia Parole Board, 509 S.E.2d 864, 871 (W.Va. 1998), the statute passes constitutional muster. California Department of Correction v. Morales, 514 U.S. 499 (1995); Roller v. Gunn, 107 F.3d 227, 234-36 (4th Cir. 1997).

2. The application of amended West Virginia Code § 62-12-13(e) to the petitioner does not create a risk of an increased sentence and, as such, does not violate the ex post facto clause.

3. The petitioner has not alleged facts, which show that under Parole Board criteria he is substantially similar to other inmates who were released on parole and, as such, the equal protection clause would not require that he also be released on parole.

**V. Analysis**

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. §2254(b). The petitioner bears the burden of proving exhaustion. See Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907. 911 (4th cir. 1997).

The petitioner filed a Petition for Habeas Corpus relief with the West Virginia Supreme Court of Appeals raising the same issues presented in his §2254 petition. On November 30, 2004, the West Virginia Supreme Court of Appeals issued an Order refusing the petition. Because the petitioner believes the West Virginia Supreme Court has exclusive jurisdiction regarding parole denials, he asserts that the Court's denial of his petition satisfies the exhaustion requirement.

However, West Virginia Code §53-4-1 provides concurrent jurisdiction in both the state circuit courts and the Supreme Court of Appeals for all habeas corpus actions. West Virginia has generally regarded a claim that an inmate was unconstitutionally denied parole as a claim against the lawfulness of his sentence and considered such claims under West Virginia Code §53-4A-1.[2]

---

[2]See, e.g., Stollings v. Haines, 212 W.Va. 45, 569 S.E.2d 121 (2002); Vance v. Holland, 177 W.Va. 607, 355 S.E.2d 396 (1987); Wooding v. Jarrett, 169 W.Va. 631, 289 S.E.2d 301 (1981); Rowe v. Whyte, 167 W.Va. 668, 280 S.E.2d 301 (1981).

Therefore, the petitioner is incorrect in his belief that petitions regarding the denial of parole can only be presented to the West Virginia Supreme Court of Appeals.

Furthermore, Rule 14 of the West Virginia Rules of Appellate Procedure covers "original jurisdiction," including petitions for habeas corpus. Rule 14(b) covers rules to show cause and provides in pertinent part as follows:

> If the Court determines not to grant a rule to show cause, such determination shall be without prejudice to the right of the petitioner to present a petition to a lower court having proper jurisdiction, unless the Court specifically notes in the order denying a rule to show cause, that the denial is with prejudice.

The Order issued by the West Virginia Supreme Court of Appeals on which the petitioner rests his exhaustion argument states simply "[u]pon consideration whereof, the Court is of the opinion that a rule should not be awarded, and the writ prayed for by the petitioner is hereby refused." (Respondent's Exb. 5) There being no denial with prejudice, the petitioner may pursue further relief before an appropriate West Virginia Circuit Court, and thus it is apparent that the petitioner has failed to exhaust state remedies,[3] and that, as a consequence, his petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 515-516 (1982).

## VI. Recommendation

Based on the foregoing, it is recommended that the respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE to petitioner's right to renew the same following exhaustion of state remedies.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the

---

[3]See, McDaniel v. Holland, 631 F.Supp. 1544 (S.D. W.Va. 1986).

4

Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to Senior Judge Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Recommendation to Thomas and the Attorney General for the State of West Virginia.

Dated: January 23, 2006

/s *John S. Kaull*
**JOHN S. KAULL**
**UNITED STATES MAGISTRATE JUDGE**